Leonor Perretta (Utah Bar #7596)
Perretta Law Office
Attorney for Plaintiff
5258 S. Pinemont Dr. Suite B-110
Murray, Utah 84123
(801) 263-1213
(801) 263-1332 fax
perretta@integra.net

Attorney for Mr. Delovan

FILED
U.S. DISTRICT COURT

2008 FEB 22   P 4: 10

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SALIH, DELOVAN<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL MUKASEY, Attorney General;<br>ROBERT S. MUELLER, III, Director of<br>Federal Bureau of Investigation<br>MICHAEL CHERTOFF, Secretary of<br>Department of Homeland Security; EMILIO<br>T. GONZALEZ, Director of United States<br>Citizenship and Immigration Services;<br>GERARD HEINAUER, Director of<br>USCIS Nebraska Service Center<br><br>　　　　　Defendants. | COMPLAINT<br><br>Case: 2:08cv00149<br>Assigned To : Stewart, Ted<br>Assign. Date : 2/22/2008<br>Description: Delovan v. Mukasey et al |

## INTRODUCTION

This action is brought by Plaintiff to compel Defendants to adjudicate his application for Adjustment of Status to Permanent Residence (Form I-485). Plaintiff's application was received by USCIS on March 3, 2003 and is currently pending at the Nebraska Service Center of the United States Citizenship and Immigration Services ("USCIS").

Plaintiff has made numerous inquires and requests for adjudication concerning this application. Defendants have failed to complete his background checks and failed to adjudicate the application within a reasonable time frame as required by law.

## PARTIES

1. Plaintiff is a native of Iraq who entered the U.S. as a refugee on 12/08/2000.

2. Defendant Michael Mukasey is sued in his official capacity as the Attorney General of the United States and is charged with the authority and duty to direct, manage, and supervise all employees and all files and records of immigration benefits such as adjustment of status to lawful permanent residence.

3. Defendant Robert S. Muller is sued in his official capacity as the director of the Federal Bureau of Investigation ("FBI"). He is responsible for conducting both criminal record checks and the National Name Check Program ("NNCP"). The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies, including USCIS.

2

4. Defendant Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity he has the responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C §1103(a) including the accurate, efficient and secure processing of immigration benefits.

5. Defendant Emilio T. Gonzalez is sued in his official capacity as the Director of the United States Citizenship and Immigration Services, an agency within the Department of Homeland Security, which is charged by law with the duty of adjudication I-485 application for adjustment of status to lawful permanent residence for persons who qualify.

6. Defendant Gerard Heinauer is sued in his official capacity as the Director of the Nebraska Service Center where Plaintiff's I-485 application for adjustment of status to lawful permanent residence has been pending since 3/13/2003.

## JURISDICTION AND VENUE

7. This is a civil action brought pursuant to 28 U.S.C. §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiff.

8. Jurisdiction is also conferred by 5 U.S.C. § 704. Plaintiff is aggrieved by agency action and inaction in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 U.S.C. § 702 *et seq.*

9. The aid of the Court is invoked under 28 USC §§ 2201 and 2202 authorizing a declaratory judgment.

10. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC § 504, and 28 USC 2412(d), *et seq.*

11. Venue is proper in this Court because Plaintiff resides within the jurisdiction of this Court.

## EXHAUSTION OF REMEDIES

12. Plaintiff has exhausted his administrative remedies. Plaintiff has made numerous inquiries concerning the status of his I-485 application to no avail. *See* Exhibits "A,B." A recent status inquiry promised Plaintiff a written decision or update on his case by February 27, 2007 "*unless fingerprint processing* or an interview are standard part of case processing and have not yet been completed". *See* Case Status Search, attached hereto as Exhibit "B." Plaintiff is informed and believes that criminal background checks at the FBI are processed within 3 to 5 days of receipt. *See generally,* DHS Office of the Inspector General, *A Review of U.S. Citizenship and Immigration Services' Alien Security Checks*, OIG-06-06, 24 (2005) at 24, available at http://www.dhs.gov/xoig/assets/mgmtrpts/OIG_06-06_Nov05.pdf. Therefore Plaintiff's criminal background check should now be complete.

13. As of the preparation of this complaint, USCIS has still not provided a decision or update regarding Plaintiff's I-485 application. *See,* Online Case Status Inquiry, attached hereto as Exhibit "M."

4

14. Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of Defendants to adjudicate his application for adjustment of status to permanent residence in a timely manner.

## REMEDY SOUGHT

15. Plaintiff seeks to have the Court compel Defendant Mueller to conduct a criminal record check and security/name check and issue the results within 30 days.

16. Plaintiff seeks to have the Court compel Defendants Gonzalez, Chertoff, and Heinauer to adjudicate Plaintiff's pending I-485 application within 30 days of the receipt criminal record check and security/name check.

## STATEMENT OF FACTS

17. On December 8, 2000 Plaintiff entered the U.S. as a refugee from Iraq. *See* I-94, attached hereto as Exhibit "H"; I-730 Refugee Petition Approval Notice, attached hereto as Exhibit "L".

18. On or about February 2003, Plaintiff filed application for adjustment of status (I-485) which was received by USCIS on March 4, 2003. *See* Online Case Status Response, attached hereto as Exhibit "A".

19. Plaintiff's alien registration number is A07-835-014. *See* I-730 Refugee Petition Approval Notice, attached hereto as Exhibit "L".

5

20. On or about May 22, 2003, at the instruction of USCIS, Plaintiff initially presented himself and had his fingerprints taken. *See* AIW Worksheet dated May 22, 2003, attached hereto as Exhibit "C."

21. On or about November 8, 2005, at the instruction of USCIS, Plaintiff again presented himself and had his fingerprints taken a second time. *See* I-797C, Notice of Action Appointment Notice, attached hereto as Exhibit "F."

22. On or about February 23, 2007, at the instruction of USCIS, Plaintiff presented himself again and had his fingerprints taken a third time. *See* I-797C, Notice of Action Appointment Notice, attached hereto as Exhibit "G."

23. Plaintiff is informed and believes that since September 11, 2001 USCIS has added – without promulgating any regulation and with no statutory authority – a new type of background check to the adjustment of status process known as a "name check." As the term implies, a "name check" is a check of FBI records based on the full name of the applicant. The "name check" is conducted by FBI personnel through manual and electronic searches of the FBI's centralized records. USCIS requests the FBI to conduct "name checks" on all applicants for adjustment of status. *See generally,* DHS Office of the Inspector General, *A Review of U.S. Citizenship and Immigration Services' Alien Security Checks*, OIG-06-06, 24 (2005), (hereinafter INSPECTOR GENERAL REPORT) available at http://www.dhs.gov/xoig/assets/mgmtrpts/OIG_06-06_Nov05.pdf ; and OMBUDSMAN, U.S. CITIZENSHIP AND IMMIGRATION SERVICE, ANNUAL REPORT (2007), (hereinafter OMBUDSMAN

2007 REPORT) *available at*

www.dhs.gov/xlibrary/assets/CISOMB_Annual%20Report_2007.pdf.

24. Plaintiff is informed and believes that the USCIS has recently issued an internal memo instructing that I-485 applications with name checks that have been pending for more than 180 days are to be adjudicated despite the fact that the name check has not yet been completed. *See* USCIS Interoffice Memorandum Feb 4, 2008, attached hereto as Exhibit "N."

25. The exceedingly long delays in adjudication are caused by Defendants' unwillingness to complete in a timely fashion the FBI Name Check. Despite the fact that Plaintiff has been waiting for nearly five years since he applied on March 4, 2003, Defendants refuse even to set any deadlines for completion of these "name checks." Instead, Defendants have allowed adjustment of status applications to linger indefinitely, or until applicants take legal action. Through their callous and unreasonable inaction, Defendants are depriving Plaintiff of the rights and benefits of legal permanent residence.

26. However, a mechanism for expediting the name check process exists and has been regularly utilized by USCIS in the past. *See e.g.*, INSPECTOR GENERAL REPORT AT 24, available at http://www.dhs.gov/xoig/assets/mgmtrpts/OIG_06-06_Nov05.pdf.

27. More disturbing is the revelation by USCIS's own Ombudsman that the FBI Name Check is unnecessary and that the FBI Name Check has not prevented a single suspected terrorist

7

from receiving immigration benefits. OMBUDSMAN 2007 REPORT, AT 38, 40-41 *available at* www.dhs.gov/xlibrary/assets/CISOMB_Annual%20Report_2007.pdf.

28. Plaintiff has satisfied all of the statutory requirements, responded truthfully to all questions, and provided all requested information. *See e.g.,* Case Status Report (confirming receipt of requested evidence, attached hereto as Exhibit "B"; Request for Initial Evidence, attached hereto as Exhibit "I";Completion of three separate biometric requests, attached hereto as Exhibits "C,F,G".

29. It has been nearly five years since Plaintiff applied on March 4, 2003 to become a Legal Permanent Resident, yet Defendants have still not made any decision. This five year wait is almost 5 times longer than the current processing times at the Nebraska Service Center for adjustment of status applications filed by refugees. *See* Nebraska Service Center Processing Dates, available at https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=NSC, and attached hereto, as Exhibit "J."

30. Plaintiff has been unlawfully deprived of Legal Permanent Residence for nearly five years because of unreasonable and extraordinary agency delays.

31. As a result of the Defendants' failure to adjudicate his application for legal permanent residence, Plaintiff has been unable to secure U.S. citizenship during times of increasing controversy and uncertainty surrounding the future of U.S. immigration policy. Had Defendant's initially adjudicated Plaintiff's application for permanent residence in a timely

manner five years ago, Plaintiff would nearly be eligible to apply for U.S citizenship thereby obtaining the rights and privileges that come with citizenship.

32. As a result of the Defendants' failure to adjudicate his application for legal permanent residence, Plaintiff is unable to sponsor for permanent residency his immediate relatives living abroad, or travel abroad and return to the United States without fear of exclusion.

### FIRST CAUSE OF ACTION
### Mandamus/Injunctive Relief

33. Plaintiff incorporates by this reference the foregoing allegations of this Complaint.

34. Defendants have a non-discretionary duty to complete the processing of his application for permanent residence in a reasonable time.

35. Defendants have failed to carry out the adjudicative functions delegated to them by law.

36. Defendants' failure to make a determination on Plaintiff's adjustment of status has caused, and will continue to cause, significant hardship and irreparable harm to Plaintiff. As alleged in detail above, Plaintiff has been denied the fundamental rights accompanying status as a Legal Permanent Resident.

37. If this Court refuses to grant Plaintiff's prayer for relief, Plaintiff will have no plain, speedy, and adequate remedy at law, and Defendants' actions and inaction will continue to cause significant hardship and irreparable harm to Plaintiff.

38. Plaintiff is likely to prevail on the merits of this action, in that he has met all legal requirements for adjustment of status, and Defendants have unlawfully delayed a determination of his application.

39. Both the public interest and the balance of harms weigh strongly in favor of expediting the FBI's determination of his application.

40. Requiring an FBI "name check" or "national security check" over and above a criminal background check – the ostensible reason Plaintiff's application has been delayed – is not authorized by any relevant statute or regulation, does not warrant unreasonable delay of a determination on Plaintiff's application, and is otherwise *ultra vires*.

41. However, in the event that this Court determines that Defendants are authorized to conduct a "name check" or "national security" check in connection with Plaintiff's adjustment of status application, this Court should issue a writ of mandamus and/or a preliminary and permanent injunction ordering Defendants, including the FBI, to complete any requisite approval process for Plaintiff's adjustment of status application, including any "name check" or "national security" check, within thirty (30) days of the date of the writ or injunction, and ordering USCIS to adjudicate Plaintiff's application within thirty (30) days thereafter.

42. Because Defendants' failure to make a timely determination on Plaintiff's application for adjustment of status is not substantially justified, Plaintiff is further entitled to an award of

reasonable costs, attorney fees, and other expenses incurred in connection with this proceeding pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504.

### SECOND CAUSE OF ACTION
**Unreasonable Delay in Violation of the Administrative Procedure Act**

43. Plaintiff incorporates by this reference the foregoing allegations of this Complaint.

44. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). A district court may review agency action or inaction under 5 U.S.C. §§ 702 and 704, and shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court shall also "hold unlawful and set aside agency action" that, *inter alia*, is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act.*" 5 U.S.C. § 551(13) (emphasis added).

45. Defendants' failure to adjudicate Plaintiff's application for adjustment of status within a reasonable time, as required by 5 U.S.C. § 555(b) violates the Administrative Procedure Act, including the specific sections set forth above.

11

46. Defendants' failure to timely complete all approvals and checks in connection with Plaintiff's adjustment of status application, including the FBI "name check" or "national security" checks, to set reasonable deadlines for the completion of such approvals and checks, and to take all the other reasonable steps necessary to complete the adjudication of Plaintiff's adjustment of status application, violates the Administrative Procedure Act, including the specific sections set forth above.

47. Defendants' failure to make a determination on Plaintiff's adjustment of status application has caused, and will continue to cause, significant hardship and irreparable harm to Plaintiff.

48. Plaintiff is thereby entitled to a declaration that Defendants' actions are unlawful, and a writ of mandamus and/or a preliminary and permanent injunction ordering Defendants, including the FBI, to complete any requisite approval process for Plaintiff's adjustment of status application, including any "name check" or "national security" check, within thirty (30) days of the date of the writ or injunction, and ordering USCIS to adjudicate Plaintiff's application within thirty (30) days thereafter.

49. Because Defendants' failure to make a timely determination on Plaintiff's adjustment of status application is not substantially justified, Plaintiff is further entitled to an award of reasonable costs, attorneys fees, and other expenses incurred in connection with this proceeding pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

1. A judicial declaration holding unlawful Defendants' failure to adjudicate Plaintiff's adjustment of status application within a reasonable time as required by 5 U.S.C. § 555(b);

2. A judicial order requiring:

   a) Defendant Mueller to complete all approvals and checks in connection with Plaintiff's adjustment of status application, including FBI "name checks" or "national security" checks;

   b) Defendants to adjudicate Plaintiff's I-485 application within 30 days of the receipt of the results of the checks in connection with Plaintiff's adjustment of status application, including FBI "name checks" or "national security" checks; and

   c) Defendants to take all other reasonable steps necessary to complete the adjudication of Plaintiff's adjustment of status applications;

3. For an award of Plaintiff's reasonable costs and attorney fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504; and

4. For such other and further relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this February 19, 2008.

Perretta Law Office

Leonor Perretta
Attorney for Plaintiff

14

# EXHIBIT LIST

A. Online Case Status Response

B. Case Status Search

C. ACS Biometrics Worksheet

D. I-797C, Notice of Action Appointment Notice

E. I-797C, Notice of Action Appointment Notice

F. I-94

G. Request for Initial Evidence

H. Nebraska Service Center Processing Times

I. Amman Embassy Admission Letter

J. I-730 Refugee Petition Approval

K. Online Case Status Inquiry

L. USCIS Interoffice Memorandum

Department of Homeland Security
Office of the General Counsel
Mail Stop 3650
Washington, DC 20528


Michael MUKASEY
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


Michael Chertoff
Secretary of Department of Homeland Security
U.S. Citizenship and Immigration Services
425 I ("Eye") Street, N.W.
Washington, D.C. 20536


Robert S. Mueller, III,
Federal Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Ave., NW
Washington, DC 20535-0001

F. GERARD HEINAUER
Director-U.S. Citizenship and Immigration Services
Nebraska Service Center
P.O. Box 87103
Lincoln, NE 68501-7103

Emilio T. GONZALEZ
U.S. Citizenship and Immigration Services
425 I ("Eye") Street, N.W.
Washington, D.C. 20536

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.